Lina Stillman
Stillman Legal, PC
42 Broadway, 12th Floor
New York, NY 10004
Telephone: (212) 203-2417
www.FightForUrRights.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

Mark Hoke, Donovan Garcia, Jairo Ospina, *on behalf of themselves and others similarly situated*

*Plaintiffs*,

-v-

Respire Medical Holdings LLC., Whole You Inc., d/b/a Respire Medical, and David Walton, *jointly and severally*

*Defendants.*

**COMPLAINT**

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION**

**UNDER 29 U.S.C. § 216(b)**

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Mark Hoke, Jairo Ospina and Donovan Garcia ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their counsel, Stillman Legal P.C., bring this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and class action under Federal Rule of Civil Procedure and the New York Labor Law ("NYLL"), Article 6, §§ 190 et. seq, against Defendants Respire Medical Holdings LLC., Whole You Inc., d/b/a Respire Medical and David Walton and allege upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

1

**NATURE OF THE ACTION**

1. This action arises out of Defendant's systematic, companywide wrongful classification of Plaintiffs and other similarly situated employees or other similarly titled positions as exempt from the overtime compensation requirements of the FLSA and NYLL.

2. Defendants own, operate, or control a manufacturing company that makes sleep apnea Devices in Brooklyn, New York.

3. Upon information and belief, individual Defendant David Walton, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the business as a joint or unified enterprise.

   excess of 40 hours per week, without appropriate overtime compensation for the hours that they worked.

4. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

5. Plaintiffs now bring this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

**JURISDICTION AND VENUE**

**Federal Question Jurisdiction and Supplemental Jurisdiction**

6. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act and 29 U.S.C. §201 *et seq*.

**Personal Jurisdiction**

7. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

8. Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**SUMMARY**

9. Plaintiffs were employed by Defendants, Respire Medical Holdings LLC., and Whole You Inc., d/b/a Respire Medical and David Walton (collectively "Defendants"), as "Technical Training Manager", "Senior Technician" and "Product specialist".

10. Throughout the course of their employment, Plaintiffs worked anywhere from 45 to 75 hours per week and were paid at an hourly rate ranging from $10.00 per hour to $19.00 per hour. Although they were purportedly "salaried" employees, their paycheck was docked if they did not work the required (45) forty-five hours.

11. Plaintiffs were not paid at an overtime rate of one-and-one-half their regular rate of pay for the overtime hours that they worked.

**Parties**

12. Plaintiff Mark Hoke is an adult citizen and resident of New York City who worked for Defendant as a full-time worker from September 2016 until January 2019.

13. Plaintiff Jairo Ospina is an adult citizen and resident of New York City who worked for Defendant as a full-time worker from October 2015 until June 2019.

14. Plaintiff Donovan Garcia is an adult citizen and resident of New York City who worked for Defendant as a full-time worker from January 2015 until June 2019.

15. During the relevant time period, Plaintiffs were "employees" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1) and NYLL.

16. At all relevant times, Defendants have been a New York corporation with its principal place of business located 18 Bridge Street, Unit 3J, Brooklyn, New York, 11201

17. At all relevant times, Defendants were "employers" of Plaintiffs as defined by the FLSA, 29 U.S.C. § 203(e)(1) and NYLL.

**Mark Hoke**

18. Plaintiff is an adult individual residing in the state of New York, County of New York.

19. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e), the NYLL § 190.

20. Plaintiff was employed by Respire Medical Holdings LLC., and Whole You Inc., d/b/a Respire Medical from September 2016 until June 2019.

21. Plaintiff was employed as a "Product Specialist".

22. Plaintiff was hired by Defendant David Walton.

23. Plaintiff was directly supervised by Individual Defendant, David Walton, who was responsible for, *inter alia*, hiring and firing employees, setting their wages and schedules, and general staff management.

24. Plaintiff's duties included making an apnea product from start to finish and to communicate with Doctors.

25. Plaintiff regularly handled goods in interstate commerce, such as parts and supplies imported from outside the State of New York and distributed in New York, throughout the course of her employment with Defendants.

26. From September 2016 until his departure, Plaintiff was paid a salary of $43,000 per year.

27. Plaintiff was promised that his salary would be raised after (3) three months of employment. However, that never happened despite repeated complaints from Plaintiff Hoke.

28. Throughout his employment, Defendants repeatedly suffered or permitted Plaintiff to work in excess of forty (40) hours per week without paying him the appropriate premium overtime pay of one and one-half times her regular rate of pay.

29. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum and overtime wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

30. Throughout the duration of his employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

31. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**Donovan Garcia**

32. Plaintiff is an adult individual residing in the state of New York, County of New York.

33. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e), and the NYLL.

34. Plaintiff was an employed by Respire Medical Holdings LLC., and Whole You Inc., d/b/a Respire Medical, a sleep apnea owned by David Walton, from January 2015 until June 2019.

35. Plaintiff was employed as a "Technical Training Manager".

36. Plaintiff was hired by Defendant David Walton.

37. Plaintiff was directly supervised by Individual Defendant, David Walton, who was responsible for, *inter alia*, hiring and firing employees, setting their wages and schedules, and general staff management.

38. Plaintiff's duties included aiding in the manufacturing of devices and aiding Third party laboratories in China. However, he did not hold a managerial position, nor did he supervise anyone at Respire or make any decisions on behalf of Respire Medical.

39. Plaintiff regularly handled goods in interstate commerce, such as parts and supplies imported from outside the State of New York and distributed in New York, throughout the course of her employment with Defendants.

40. From January 2015 until his departure, Plaintiff a varied schedule. However, he never worked

6

anything less than 45 hours per week.  In general, Plaintiff Donovan worked an average of 55 to 60 hours per week.

41. Plaintiff was paid a salary of $20,000 per year or on or about $8.00 per hour until o or about June 2017. His salary was eventually raised to $55,000 but his salary was docked if he didn't work the "required" (45) forty-five hours.

42. Throughout his employment, Defendants repeatedly suffered or permitted Plaintiff to work in excess of forty (40) hours per week without paying him the appropriate premium overtime pay of one and one-half times her regular rate of pay.

43. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum and overtime wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

44. Throughout the duration of his employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

45. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant

To 29 U.S.C. §216(b).


**Jairo Ospina**

46. Plaintiff is an adult individual residing in the state of New York, County of New

York.

47. Plaintiff is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e),

and the NYLL.

7

48. Plaintiff was an employed by Respire Medical Holdings LLC., and Whole You Inc.,

d/b/a Respire Medical from October 2015 until May 2019.

49. Plaintiff was employed as a "Senior Technician".

50. Plaintiff was hired by Defendant David Walton.

51. Plaintiff was directly supervised by Individual Defendant, David Walton, who was

responsible for, *inter alia*, hiring and firing employees, setting their wages and schedules, and

general staff management.

52. Plaintiff's duties included making the manufacturing of sleep apnea devices. However, he did

not hold a managerial position, nor did he supervise anyone at Respire or make any decisions

on behalf of Respire Medical.

53. Plaintiff regularly handled goods in interstate commerce, such as parts and supplies

imported from outside the State of New York and distributed in New York, throughout the

course of her employment with Defendants.

54. From October 2015 until his departure in May 2019 Plaintiff a varied schedule. However, he

never worked anything less than 45 hours per week. In general, Plaintiff Ospina worked an

average of 55 hours per week.

55. At the beginning of his employment, Plaintiff Ospina was paid a salary of o $20,000 per year

or about $8.00 per hour.

56. Plaintiff Ospina's salary was raised to $23,000 after (3) months of employment and again in

August 2018, his salary was raised to $45,000. However, his paycheck was docked if he did

not work the required (45) forty-five hours  per week.

57. Throughout his employment, Defendants repeatedly suffered or permitted Plaintiff to

work in excess of forty (40) hours per week without paying him the appropriate premium overtime pay of one and one-half times her regular rate of pay.

58. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum and overtime wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

59. Throughout the duration of his employment, Plaintiff did not have any supervisory authority over any of Defendants' employees, nor did he exercise discretion or independent judgment with respect to matters of significance.

60. Plaintiff consented in writing to be a party to the FLSA claims in this action, pursuant
   To 29 U.S.C. §216(b).

**Factual Allegations**

61. Plaintiffs and the similarly-situated employees they seek to represent, all share similar, if not identical, job descriptions, job requirements and compensation plans, among other things.

62. On Plaintiff's information and belief, Defendants classified Technical Training Manager, Senior Technician and Product specialists as non-exempt positions.

63. Technical Training Manager, Senior Technician and Product specialists regularly work on a manufacturing assembly line and do not have any managerial duties, as the titles imply. They did not perform duties related to the management or general business operations of Respire Medical. Rather, their duties constitute the principal production activity of Respire Medical to manufacture sleep apnea devices. Plaintiffs were nothing more than assembly

workers in charge of assembling devices for sale to customers of Respire Medical.

64. Plaintiff's primary duties did not involve the exercise of discretion or independent Judgment with respect to matters of significance. Namely, all major strategic decisions for customers are made by David Walton. Plaintiffs and similarly situated must follow preestablished models for products and are not permitted to deviate from the preset parameters or which products to offer without prior approval from Mark Walton. Likewise, they do not have the authority to negotiate with customers or otherwise supervise anyone.

65. Defendant classified Plaintiffs and other similarly situated employees as exempt employees under the FLSA and NYLL and did not pay them overtime wages despite working in excess of forty (40) hours in given workweeks.

66. Defendant directed Plaintiffs and other similarly situated employees to work, and they routinely did work, in excess of forty (40) hours in given workweeks, but Plaintiffs and other similarly situated employees were not compensated for overtime wages earned at a rate of one and one-half times their regular rate.

67. Defendants misclassified Plaintiffs and other similarly situated employees as exempt from overtime compensation under the FLSA and NYLL.

68. Defendant suffered and permitted Plaintiffs and other similarly situated employees to work more than forty (40) hours per week without overtime pay.

69. Defendant did not keep accurate records of all of the hours worked by Plaintiffs and other similarly situated employees.

70. Defendant was aware, or should have been aware, that Plaintiffs and other similarly

situated employees performed non-exempt work that required payment of overtime compensation.

71. The conduct alleged above reduced Defendant's labor and payroll costs.

72. Plaintiffs and other similarly situated employees were uniformly subject to Defendant's employment policies and practices and were victims of Defendant's scheme to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs and similarly-situated Plaintiffs and other similarly situated employees in accordance with the requirements of the FLSA and NYLL, Plaintiffs and similarly-situated Plaintiffs and other similarly situated employees.

**Flsa Collective Action Allegations**

73. Plaintiffs bring this collective action on behalf of themselves and all others similarly situated pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

74. Plaintiffs bring this action under the FLSA on behalf of the following collective class of similarly situated employees:

75. All persons who worked for Respire Medical as "Technical Training Manager", "Senior Technician" and "Product specialist" or other similarly titled position during the applicable statute of limitations period, and who were classified as exempt and were not paid overtime compensation for time worked in excess of forty (40) hours in given workweeks (the "FLSA Collective").

76. Plaintiffs are members of the FLSA Collective she seeks to represent because she worked for Defendants during the relevant period and was routinely required, suffered, or permitted to work more than forty (40) hours per week without overtime compensation.

77. This action is properly maintained as a collective action because the representative Plaintiffs are similarly situated to the members of the FLSA Collective with respect to their job titles, job duties, and compensation plan, and are all subject to a common practice, policy, or plan in which Defendant suffered and permitted them to perform work for its benefit in excess of forty (40) hours in given workweeks without compensation at time-and-a-half their regular rate of pay.

78. Defendant knew or should have known that it had misclassified the members of the FLSA Collective as exempt.

79. Defendant knew or should have known that the members of the FLSA Collective worked in excess of forty (40) hours in given workweeks.

80. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

81. Defendant is liable under the FLSA for failing to properly compensate members of the FLSA Collective. Plaintiffs request that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

82. Upon information and belief, Plaintiffs estimate there are approximately (100) similarly

situated current and former members of the FLSA Collective who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

83. The precise number of members of the FLSA Collective can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the FLSA Collective may be informed of the pendency of this action directly via U.S. mail, email, and otherwise.

**Defendants**

84. At all relevant times, Individual and Corporate Defendants were joint employers and/or functioned together as a single integrated employer of Plaintiffs within the meaning of the FLSA and NYLL

85. Respire Medical Holdings LLC., and Whole You Inc., are domestic professional corporations formed, organized and existing under the laws of the State of New York.

86. Respire Medical Holdings LLC., and Whole You Inc., own and operate Respire Medical.

87. At all relevant times, Respire Medical Holdings LLC., and Whole You Inc., were a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the NYLL § 190, the N.Y. Executive Law § 292(5), and the N.Y. Admin. Code. § 8–102(5).

88. At all relevant times, Respire Medical Holdings LLC., and Whole You Inc., maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll and other employment practices that applied to them

89. From Plaintiff's observations, Respire Medical typically made an average of $10,000 of gross income per day.

90. At all relevant times, Respire Medical Holdings LLC., and Whole You Inc., were "enterprises engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees handled goods and/or materials that have been imported, produced, and/or distributed in interstate commerce. Additionally, Respire Medical Holdings LLC., and Whole You Inc., conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

91. Upon information and belief, at all relevant times, Respire Medical Holdings LLC and Whole you Care Inc., had an annual gross volume of sales made, or business done, was not less than Five Hundred Thousand Dollars ($500,000.00) exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

## Individual Defendant

### David Walton

92. Upon information and belief, at all relevant times throughout Plaintiff's employment, David Walton was the owner, sole member, authorized operator, manager, and agent of the Corporate Defendant.

93. At all relevant times throughout Plaintiff's employment, Individual Defendant and Corporate Defendant were joint employers of the Plaintiff, acted in the interest of each other with respect to employees, and had common policies and practices as to wages and hours.

94. At all relevant times throughout Plaintiff's employment, Individual Defendant had the discretionary power to create and enforce personnel decisions on behalf of the Corporate

14

Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

95. At all relevant times throughout Plaintiff's employment, Individual Defendant was actively involved in the day-to-day operations of Corporate Defendant, as he was the Co-Founder and CEO.

96. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act – Unpaid Overtime Wages**

97. Plaintiff realleges and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

98. At all relevant times, Plaintiffs were an employee and were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

99. At all relevant times, Defendants have been employers of Plaintiffs and were engaged in commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

100. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207(a)(1) and the supporting federal regulations apply to Defendants and protect the Plaintiff.

101. Defendants have failed to pay Plaintiffs overtime wages at a rate of one and one-half times the regular rate at which they employed for, but under no instance less than one and one-half times the statutory minimum wage for all hours that they worked in excess of forty (40) hours per workweek.

102. Defendants' unlawful conduct, as described in this Complaint, was willful within the meaning of 29 U.S.C § 255. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

103. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

104. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

104. As a result of the Defendants' violations of the FLSA, Plaintiffs were deprived of overtime compensation and other wages in amounts to be determined at trial, and are thus entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

### **SECOND CAUSE OF ACTION**

### **New York Labor Law – Unpaid Overtime Compensation**

105. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

106. At all relevant times referenced herein, Plaintiffs have been employee sof Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 2, 190, 651 (5), and the supporting New York State Department of Labor Regulations.

107. The overtime wage provisions, as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

108. Defendants have failed to pay Plaintiffs overtime wages to which she was entitled at the wage rate of one and one-half times her regular rate, but under no instance less than one and one-half times the statutory minimum wage rate, as defined by New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.2.

109. Through their knowing or intentional failure to pay Plaintiffs her duly earned overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.* and supporting New York State Department of Labor Regulations.

110. Defendants' failure to pay Plaintiffs overtime compensation lacked a good faith basis within the meaning of NYLL § 663.

111. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

112. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recovery of her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### THIRD CAUSE OF ACTION

**New York Labor Law – Failure to Provide Wage Notice**

113. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

114. Defendants have failed to provide Plaintiffs, at the time of hiring, or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

115. Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Accurate Wage Statements**

116. Plaintiff reallege and incorporates by reference all allegations in all preceding paragraphs.

117. Defendants have failed to provide Plaintiffs with accurate wage statements throughout her employment listing, *inter alia*, her regular hours worked and her overtime hours worked during each week of her employment in violation of NYLL § 195(3).

118. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the

violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

### FIFTH CAUSE OF ACTION
(BREACH OF CONTRACT)

119. Plaintiff Mark Hoke repeats sand realleges all paragraphs above as though fully set forth herein. Defendants failed to perform their contractual obligations, having promised Plaintiff Hoke a raise in a certain amount of time. Plaintiffs suffered damages as a result, <u>i.e.</u>, failure to receive the full consideration for which he contracted.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seeks the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 19, §§ 650 *et seq*., and supporting New York State Department of Labor Regulations, the New York Executive Law § 296, and the N.Y. Administrative Code. §§ 8–107;

B. Unpaid minimum wages and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

C. Unpaid minimum and overtime wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

D. Civil penalties of One Thousand One Hundred Dollars ($1,100.00) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

E.   An award of statutory damages for Defendants' failure to provide Plaintiffs with a wage notice at the time of hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

F.   A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

G.   An award of back wages, front wages, pre-judgment interest, damages for emotional distress, and punitive damages for Defendants' discrimination and sexual harassment against Plaintiff, pursuant to N.Y. Admin. Code § 8-502(a);

H.   An award of back wages, front wages, pre-judgment interest, and damages for emotional distress, for Defendants' discrimination and sexual harassment against Plaintiff, pursuant to N.Y. Executive Law § 297(9);

I.   If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

J.   An award of pre-judgment interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

K.   An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

L.   An award of attorney's fees, costs, and further expenses up to Fifty Dollars ($50.00), pursuant to 29 U.S.C. § 216(b), NYLL §§ 198 and 663(1), N.Y. Admin. Code § 8-502(g); and

M.   Such other relief as this Court shall deem just and proper.


Dated:      New York, New York

August 9, 2019

Respectfully submitted,

**STILLMAN LEGAL PC**

By:      _/s/_____
Lina Stillman (LS1102)
*Attorneys for Plaintiff*
42 Broadway, 12th Floor
New York, New York 10004
Tel: 212-203-2417
Email:  LS@StillmanLegalPC.com